UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| R.A., a minor by and through his Next Friend EVA ANDERSON, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:16-CV-01334 JAR |
| ABBOTT LABORATORIES, | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER OF REMAND**

This matter is before the Court on Defendant Abbott Laboratories' Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim (Doc. No. 4) and Plaintiffs' Motion to Remand (Doc. No. 9). The motions are fully briefed and ready for disposition.

**Background**

On July 13, 2016, Plaintiffs filed this action in the City of St. Louis Circuit Court against Defendant Abbott Laboratories ("Abbott") seeking damages for injuries resulting from their exposure *in utero* to the prescription anti-seizure drug, Depakote. Plaintiffs bring state law claims for strict product liability, intentional and negligent infliction of emotional distress, fraud, negligence, and breach of express and implied warranties. The twenty-five Plaintiffs reside in multiple states; one is a citizen of Missouri (Petition, Doc. No. 6 at ¶ 17). Three of the "Non-Missouri Plaintiffs" share Illinois citizenship with Abbott (Petition, Doc. No. 6 at ¶¶ 23-25, 27; Notice of Removal, Doc. No. 1 at ¶¶ 3-4). Despite that shared citizenship, on August 17, 2016, Abbott removed the action to this Court on the basis of diversity jurisdiction. (Doc. No. 1) Abbott argues the Non-Missouri Plaintiffs have not established that Abbott is subject to personal

1

jurisdiction in Missouri, so their claims should be dismissed. Abbott also argues that Plaintiffs have fraudulently joined their claims in a single petition in an attempt to defeat removal to federal court. (Id. at ¶¶ 10-11, 51-57) Abbott contends the Court can and should consider the threshold issue of personal jurisdiction before determining whether the Court has subject matter jurisdiction over the case.

Plaintiffs move to remand the case back to state court because complete diversity does not exist and because fraudulent misjoinder[1] has not been recognized by the Eighth Circuit as a basis for removal of state law pharmaceutical product liability cases, citing In re Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010) and M.B. ex rel. Hitt v. Abbott Labs. Inc., No. 4:12-CV-1250 CAS, 2012 WL 5258957 (E.D. Mo. Oct. 24, 2012). (Doc. No. 10 at 1, 4, 10-14)

**Discussion**

At the outset, the Court declines to rule on the personal jurisdiction question before ruling on subject matter jurisdiction. On numerous occasions, this Court has exercised its discretion in deciding whether to consider personal or subject matter jurisdiction in the first instance, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 587-88 (1999), to consider subject matter jurisdiction first. See Morgan v. Janssen Pharmaceuticals, Inc., et al., No. 4:14CV1346 CAS, 2014 WL 6678959 (E.D. Mo. Nov. 25, 2014); Butler v. Ortho-McNeil-Janssen Pharmaceuticals, Inc., et al., No. 4:14CV1485 RWS, 2014 WL 5025833 (E.D. Mo. Oct. 8, 2014); Littlejohn v. Janssen Research & Dev., LLC, No. 4:15CV194 CDP, 2015 WL 1647901, at *3 (E.D. Mo. Apr.

---

[1] Abbott asserts it does not rely upon "fraudulent misjoinder" (Doc. No. 14 at 8); however, the substance of its argument in both its Notice of Removal and Motion to Dismiss suggests otherwise. See, e.g., Henderson v. Combe Incorporated, et al., Case No. 4:16CV283 RWS (E.D. Mo. Mar. 24, 2016); Gracey v. Janssen Pharm., Inc., No. 4:15CV407 CEJ, 2015 WL 2066242, at *2-3 (E.D. Mo. May 4, 2015).

2

13, 2015). The Court will do so here, where the inquiry regarding subject matter jurisdiction is straightforward. Ruhrgas, 526 U.S. at 588.

An action is removable to federal court if the claims originally could have been filed in federal court. 28 U.S.C. § 1441; Prempro, 591 F.3d at 619. The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy Coll., 420 F.3d 763, 768 (8th Cir. 2005). A case must be remanded if, at any time, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3). Any doubts about the propriety of removal are resolved in favor of remand. Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007).

Removal in this case was premised on diversity jurisdiction, which requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). There is no dispute that the amount in controversy is over $75,000. Likewise, the parties agree that Plaintiffs' petition does not allege complete diversity between the parties. Nevertheless, Abbott argues this Court has diversity jurisdiction because the Non-Missouri Plaintiffs' claims were fraudulently joined.

Courts have recognized fraudulent joinder as an exception to the complete diversity rule. "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." In re Prempro, 591 F.3d 613 at 620 (citation omitted).[2] The joinder is fraudulent only if there is no "reasonable basis in fact or law to support

---

[2] Fraudulent misjoinder, as opposed to fraudulent joinder, occurs when a plaintiff sues a diverse defendant in state court and then joins a viable claim against a nondiverse party even though the claims are unrelated. In re Prempro, 591 F.3d at 620. The Eighth Circuit has not yet determined whether fraudulent misjoinder is a valid basis for removal. Id. at 622.

3

a claim against a nondiverse defendant." Id. Here, Abbott argues the Non-Missouri Plaintiffs are fraudulently joined with the Missouri Plaintiff because the Non-Missouri Plaintiffs cannot establish personal jurisdiction over it under Missouri law. (Doc. No. 14 at 10-11)

In this District, courts have held that an alleged lack of personal jurisdiction does not establish fraudulent joinder. See Joseph v. Combe Inc., No. 4:16CV284 RLW, 2016 WL 3339387, at *2 (E.D. Mo. June 13, 2016) (citing Triplett v. Janssen Pharms., Inc., No. 4:14CV02049 AGF (E.D. Mo. July 7, 2015) (finding defendants failed to establish fraudulent joinder because a personal jurisdiction challenge does not go to the merits of plaintiffs' claims); Gracey, 2015 WL 2066242, at *3 (rejecting defendants' attempt to premise a fraudulent joinder argument on the state court's alleged lack of personal jurisdiction); Simmons v. Skechers USA, Inc., No. 4:15-CV-340-CEJ, 2015 WL 1604859, at *3 (E.D. Mo. Apr. 9, 2015) (remanding action because the defendants' only argument for fraudulent joinder of non-Missouri plaintiffs was a procedural challenge to personal jurisdiction instead of a substantive challenge to the viability of the claims). The Court follows the approach taken by these courts and finds Abbott has failed to establish fraudulent joinder in this case.

Even if the fraudulent misjoinder doctrine is applied, it does not support this Court's exercise of jurisdiction. See, e.g., Prempro, 591 F.3d at 619; Robinson v. Pfizer Inc., No. 4:16-CV-439 (CEJ), 2016 WL 1721143, at *3 (E.D. Mo. Apr. 29, 2016); Littlejohn, 2015 WL 1647901, at *3; Morgan, 2014 WL 6678959; Butler, 2014 WL 5025833 (E.D. Mo. Oct. 8, 2014); Orrick v. Smithkline Beecham Corp., No. 4:13-CV-2149 (SNLJ), 2014 WL 3956547 (E.D. Mo. Aug. 13, 2014). Several recent cases from this district have determined that the joinder of plaintiffs alleging injury from a single drug is not "egregious," because common issues of law and fact connect the plaintiffs' claims. Robinson, 2016 WL 1721143, at *4 (citing cases). The

Court finds that here, as in those cases, Plaintiffs' complaint raises common questions of law or fact regarding injuries alleged from use of the same drug, Depakote, and arising out of the same development, distribution, licensing, marketing, testing, and sales practices for that drug, such that common issues of law and fact are likely to arise in the litigation. Moreover, because Plaintiffs' allegations relate to Abbott's design, manufacture, testing, and promotion of Depakote - occurrences common to all Plaintiffs - their claims also arise out of the same transaction or occurrence, or series thereof. That is so even if the exposures occurred in different states and under the supervision of different medical professionals. Robinson, 2016 WL 1721143 at *4.

**Conclusion**

Plaintiffs' claims are sufficiently related to support joinder in this case, and Abbott has not met its burden of demonstrating diversity of citizenship as required by 28 U.S.C. § 1332. Therefore, this Court lacks subject matter jurisdiction over this case and the case will be remanded to state court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [9] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court for the City of St. Louis.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss [4] is **DENIED without prejudice** as moot.

Dated this 4th day of October, 2016.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**